**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 19-cv-01653-RBJ

RONALD WIGGINS,

    Applicant,

v.

M.A. STANCIL, Warden,

    Respondent.

## ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

This matter is before the Court on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1), filed *pro se*, by Ronald Wiggins, on June 7, 2019. Respondent filed a Response to Application for Writ of Habeas Corpus on August 6, 2019. (Doc. # 16). Applicant filed a "Traverse" (Reply) on August 19, 2019. (Doc. # 21). Having considered the parties filings, the Court dismisses the Application for the reasons discussed below.

## I. BACKGROUND

On February 6, 2004, Applicant was sentenced in the United States District Court for the Central District of Illinois to a 240-month term of imprisonment for bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. # 16-1; Declaration of Cassandra Grow, ¶ 3, and attach. 1). Applicant's projected release date is September 13, 2020, via good conduct time. (*Id.*).

On October 2, 2018, Applicant was found guilty in a prison disciplinary proceeding of aiding in the assault of another person (Code 201), in connection with Incident Report No. 3157619. (Application at 3; Grow Decl., ¶ 4 and attach. 1). He was sanctioned with, *inter alia,* the loss of 27 days of good conduct time. (Application at 3). Applicant claims in the § 2241 application that the prison disciplinary proceeding did not comport with the requirements of due process. (*Id.* at 3-6). For relief, he asks that: (1) the prison disciplinary conviction be vacated; (2) 27 days of forfeited good-time credits be restored; and, (3) his custody classification be changed from "high" to "medium." (*Id.* at 8).

In August 2019, after Applicant filed his § 2241 application, the Bureau of Prisons (BOP) expunged the prison disciplinary conviction and restored the 27 days of forfeited good-time credits. (Grow Decl. ¶¶ 5-6 and attach. 2, 3).

Respondent asserts that the § 2241 Application is now moot to the extent Applicant requests expungement of the disciplinary conviction and the restoration of forfeited good-time credits. (Doc. # 16 at 2-3). Respondent further contends that Applicant's request for a change in his custody classification should be denied because he does not have a constitutionally-protected liberty interest in his custody classification. (*Id.* at 3).

## II. LEGAL STANDARDS

### A. Habeas Corpus Actions

The remedy of habeas corpus is available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Prison disciplinary proceedings that result in the deprivation of good-time credits may be challenged in a § 2241 proceeding. *McIntosh*, 115 F.3d at 811-12.

### B. Pro Se Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. Mootness

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer*, 523 U.S. at 7). See also *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (concluding that habeas petition was moot where the petitioner no longer suffered an actual injury that could be redressed by a favorable judicial decision). If an event occurs during the pendency of an action that "makes it impossible for the court to grant 'any effectual relief whatever,' the case must be dismissed. *Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895).

A habeas application is not moot if the applicant continues to suffer collateral consequences as a result of the challenged action that are "likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7, 14-16. See also *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002) (same).

## III. ANALYSIS

### A. Mootness

Respondent argues that Applicant's first and second requests for relief—seeking expungement of the prison disciplinary conviction and restoration of 27 days of forfeited

good-time credits—are moot because the requested relief has been provided by the BOP. (Doc. # 16 at 2). Applicant does not dispute that the disciplinary conviction has been expunged and his forfeited good time credits restored. (Doc. # 21 at 2).

The Court agrees that the BOP's expungement of the October 2, 2018 prison disciplinary conviction and restoration of forfeited good-time credits moots Applicant's first and second requests for relief in the § 2241 Application, unless he can demonstrate continuing collateral consequences resulting from the disciplinary proceeding. *See, e.g, Thomas v. Chester*, No. 13-6132, 561 F. App'x 656, 657 (10th Cir. Feb. 18, 2014) (unpublished) (affirming dismissal of § 2241 application challenging prison disciplinary conviction as moot where disciplinary conviction was expunged and earned time credits restored); *Craft v. Jones*, No. 11-6304, 473 F. App'x 843, 845-46 (10th Cir. April 2, 2012) (concluding that § 2241 petition was mooted "when prison officials set aside [the petitioner's] disciplinary conviction and ordered a third hearing" because petitioner "sought no relief that was not granted by prison officials").

Applicant asserts in his Reply that he was transferred to higher-custody level prison as a result of the incident report. (Doc. # 21 at 2, 10). However, the BOP is not compelled to reduce Applicant's security classification because the disciplinary conviction has been expunged. Instead, the BOP is vested with discretion to determine a prisoner's security classification and the facility of confinement. *See* 18 U.S.C. § 4081 (classification and treatment of prisoners); *Braswell v. Gallegos,* No. 03-1349, 82 F. App'x 633, 636 (10th Cir. Dec. 2, 2003) (unpublished) ("This circuit has long recognized that prison security classifications are 'a necessary tool in the management and control

of the penal and correctional institutions,' and as such, lie 'within the sound discretion of the responsible administrative agency.'") (quoting *Marchesani v. McCune*, 531 F.2d 459, 461–62 (10th Cir.1976)); *see also Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992) (noting that pursuant to 18 U.S.C. § 3621(b), the BOP has discretionary authority to transfer a prisoner from one facility to another at any time).

Moreover, as discussed in the next section, Applicant's challenge to his security classification and transfer to a high security facility are not cognizable in a § 2241 action.

The Court finds that Applicant has failed to allege any continuing collateral consequences that are redressable in this § 2241 action.[1]  *See Rhodes*, 676 F.3d at 933 ("The question is not whether the petition , . . . asserts a collateral consequence, but whether it asserts a redressable collateral consequence.").  Therefore, Applicant's first and second requests for relief are dismissed as moot.

## B.  Request for Reduction in Security Classification

Applicant's third request for relief—that his security classification be reduced from "high" to "medium" is not moot.  Applicant asserts that his security classification was increased as a result of the prison disciplinary action and he was transferred from FCI-Greenville, Illinois, to the United States Penitentiary in Florence, Colorado.  (Doc. # 21, 14-15).

---

[1] The parties' filings do not suggest that the other recognized exceptions to the mootness doctrine apply in this case:  the issue is deemed a wrong capable of repetition yet evading review; the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or, the action is properly certified class action suit."  *See Riley*, 310 F.3d at 1257 (internal quotation marks omitted).

"'[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement, and, thus, must be brought pursuant to [*Bivens*].'" *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (affirming district court's denial, on jurisdictional grounds, of prisoner's habeas petition seeking transfer out of super-maximum security prison) (quoting *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) (affirming district court's summary denial of motions seeking transfer to facilities located closer to their families)); *Stanko v. Quay,* No. 09-1214, 356 F. App'x 208, 210 (10th Cir. Dec. 16, 2009) (unpublished) (concluding that § 2241 petitioner's claim that he was entitled to a lesser security classification must be pursued in a civil rights action); *Antonelli v. Keffer*, No. 06-6310, 243 F. App'x 384, 386 (10th Cir.2007) (unpublished) (habeas petitioner's claim challenging his transfer from a medium to a maximum-security facility "failed to allege a valid factual basis for a § 2241 petition" and must be pursued in a civil rights action).

Other circuit courts of appeal have recognized that a prisoner's request for a quantum change in the level of custody may arise under § 2241. *See, e.g., Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005). In *Woodall*, the petitioner challenged regulations limiting his placement in a Community Corrections Center ("CCC"). *Id*. at 243-44. The Third Circuit noted that a CCC is not an ordinary penal institution because CCCs "often include an employment component under which a prisoner may leave on a daily basis to work in the community." *Id*. at 243. Inmates may also "be eligible for weekend passes, overnight passes, or furloughs." *Id*. Thus, "placement in a CCC represents more than a simple transfer." *Id*. The Third Circuit

determined that such a challenge, which "crosses the line beyond a challenge to, for example, a garden variety prison transfer," is a challenge to the execution of the prisoner's sentence and therefore properly brought under § 2241. *Id.* at 243-44.

In *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir.1995), the Seventh Circuit held that if a prisoner seeks a "quantum change" in the level of custody, such as more freedom, his remedy is a habeas corpus proceeding. However, if the prisoner is seeking a different program or location or environment, then his challenge is to the conditions of his confinement and his remedy is under the civil rights laws. *Id.*

The Tenth Circuit has neither adopted nor rejected the standard set forth in *Woodall*, but has distinguished the case on its facts. *See Palma–Salazar*, 677 F.3d at 1037 (concluding that petitioner failed to allege specific facts to show that his placement at the ADX "crosses the line beyond a 'garden variety' prison placement"). Applicant does not allege any facts in the Application or in his Reply to indicate that his transfer from FCI-Greenville, Illinois to USP-Florence, Colorado, was anything more than a "garden variety prison placement." *Palma-Salazar*, 677 F.3d at 1037.

Further, in *McIntosh,* 115 F.3d at 812, the Tenth Circuit recognized the decision in *Falcon*, but did not specifically approve or disapprove of the Seventh Circuit's rule that a "quantum change" in the level of custody was actionable under § 2241. *Id.* at 811-12. In this case, Applicant clarifies in his Reply that the specific remedy he seeks is a transfer back to FCI-Greenville. (*See* ECF No. 21 at 5).

The Court lacks statutory jurisdiction over Applicant's third request for relief,

8

which is properly construed as a challenge to the conditions of his confinement, rather than the execution of his sentence.

## IV. CONCLUSION

Applicant fails to present a continuing case or controversy for purposes of Article III with respect to his first and second requests for relief. His third request for relief is not actionable under 28 U.S.C. § 2241. Therefore, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1), filed *pro se* by Ronald Wiggins, on June 7, 2019, is DISMISSED WITHOUT PREJUDICE as follows:

(1) Applicant's requests that the Court order the expungement of the October 2, 2018 prison disciplinary conviction and the restoration of 27 days of forfeited good time credits are moot.

(2) Applicant's challenge to his security classification and request that he be transferred to a different BOP facility are not cognizable under 28 U.S.C. § 2241. It is

FURTHER ORDERED that no certificate of appealability shall issue because jurists of reason would not debate the correctness of the jurisdictional rulings and Applicant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United*

*States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that pending motions for the court to take judicial notice (Doc. # 20), to defer ruling (Doc. # 22), and for a more definite statement (Doc. # 25) are DENIED.

DATED September 18, 2019, at Denver, Colorado.

BY THE COURT:

*[signature: Brooke Jackson]*

R. BROOKE JACKSON
United States District Judge